**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERI VIVIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 11361 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| KOHL CHILDRENS MUSEUM OF | ) | |
| GREATER CHICAGO INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court denies Defendant's motion to dismiss [11].  Defendant should file its answer to Plaintiff's complaint by May 1, 2026.  See Statement.

## STATEMENT

After Defendant Kohl Childrens Museum of Greater Chicago Inc. (the "Museum") fired Plaintiff Jeri Vivit from her position as the executive assistant to the Museum's chief executive officer, she filed this lawsuit.  Vivit claims that the Museum engaged in religious discrimination when it terminated her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*  The Museum has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Vivit alleges as follows: Vivit, a "professed Christian and a sincere, devout believer in God," worked as the executive assistant for Mike Delfini, the Museum's chief executive officer. Doc. 1 ¶¶ 2, 5.  In October 2024, when the Museum was closed, Vivit recorded a video in her office at the Museum.  The video "encourage[d] fellow Christian believers about public, corporate worship."  *Id.* ¶ 8.  Vivit sent the video to Legacy Ministry College, which posted the video on its YouTube channel.  Vivit did not introduce herself as a Museum employee or otherwise reference the Museum in the video, nor could someone identify the Museum as the background location.  About a month later, on November 25, 2024, Delfini and Cheryl Crawford, the Museum's human resources director, confronted Vivit about the video.  Vivit explained that she needed a quiet place to rerecord some of the content for the video, deciding to use "her office after-hours on a Sunday because it was quiet, well-lit, and had a generic office background."  *Id.* ¶ 11.  Crawford admonished Vivit, indicating that the video "did not align with the vision, values, and mission of the Museum."  *Id.* ¶ 12.  She also noted that the video could reflect poorly on the Museum and affects its donors given Vivit's role as Delfini's executive assistant.  Crawford and Delfini instructed Vivit to take her belongings from her office and go home, and also to take down the video.  Vivit immediately contacted Legacy Ministry College,

which removed the video.  The following day, the Museum terminated Vivit's employment.  Vivit claims that this amounted to religious discrimination.

The Museum argues that the Court should dismiss Vivit's complaint because she has not alleged that she notified the Museum of her religious beliefs before recording the video on Museum property, making it impossible for the Museum to discriminate against or fail to accommodate Vivit based on her religion.  Alternatively, the Museum contends that Vivit has pleaded herself out of court because she acknowledges recording a non-work-related video on Museum property without permission, providing the Museum with a nondiscriminatory reason for terminating her employment.  The Museum attaches a declaration from Delfini and its Employee Manual to support its argument that Vivit violated company policy.

Initially, the Court does not find it appropriate to consider these additional documents in resolving the motion to dismiss.  The Museum argues that the Employee Manual is concededly authentic and central to Vivit's claim.  *See Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022) ("[A] court may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim.").  The Museum further argues that if the Court does not take the documents into account, a plaintiff "could easily evade dismissal by refusing to attach to their complaint a document demonstrating their claim has no merit."  Doc. 12 at 6–7 n.2.  But Vivit does not refer to the Employee Manual in her complaint, and while the Employee Manual may provide the Museum with a defense to Vivit's claim, her affirmative claim of discrimination does not rely on anything in the Employee Manual.  Additionally, as Vivit points out, Delfini's declaration and the Employee Manual do not unambiguously indicate that the Employee Manual provided to the Court governed Vivit's employment at the time of her termination or that Vivit acknowledged receiving this version of the Employee Manual.  Therefore, the Court will not consider the additional documents that the Museum included in support of its motion to dismiss.

The Court now turns to the substance of the Museum's argument: that Vivit has not properly pleaded the requirements of a Title VII religious discrimination claim.  The Museum argues that Vivit must plead the following prima facie elements of a Title VII claim for failure to accommodate religion: (1) the employee engaged in a religious observance or practice that conflicted with an employment requirement; (2) the employee "called the religious observance or practice to [the] employer's attention;" and (3) "the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment."  *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (alterations in original) (citation omitted).  The Museum contends that Vivit cannot plead that she told the Museum of her religious beliefs or that the Museum terminated her because of her religion.  Vivit responds that the Museum incorrectly treats her claim as one for failure to accommodate instead of as one for disparate treatment based on religion.  Using the latter framework, Vivit maintains that she only needs to allege that the Museum terminated her on the basis of her religion.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *see also EEOC v. Concentra Health Serv. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (a plaintiff need only provide enough "detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) ("Religious discrimination in employment is prohibited by federal law.  Accordingly, all a

2

complaint in federal court need do to state a claim for relief is recite that the employer has caused some concrete injury by holding the worker's religion against him.").

Given Vivit's acknowledgment that she does not pursue a claim based on the Museum's failure to accommodate, the Court finds that she has met the more general pleading standard for Title VII disparate treatment claims. Vivit alleges that she recorded a video expressing her Christian beliefs, that the Museum learned of this video, and that the Museum thereafter fired her because of the Christian content of the video. *See Pumariega v. Basis Global Techs., Inc.*, No. 23 CV 16636, 2024 WL 4534985, at *2 (N.D. Ill. Oct. 21, 2024) ("For his claims to survive a motion to dismiss, all Pumariega must allege is that he was subjected to an adverse employment action because of his religion."). Although the Museum argues that Vivit did not provide the Museum with notice of her religious beliefs before it terminated her employment, as Vivit points out, she shared these beliefs in the video. After the Museum saw the video, it indicated that the video's content did not align with the Museum's values and mission. And while the Museum posits that Vivit violated the Museum's policies by recording the video on Museum property without permission, this basis for her termination appears outside of the complaint and thus remains a question for a later date. *See Thorsen v. Cmty. Unit Sch. Dist. 300*, No. 3:20-cv-50132, 2021 WL 1784796, at *2–3 (N.D. Ill. May 5, 2021) (finding the employer's allegedly legitimate reason for taking an adverse employment action against the plaintiff irrelevant at the pleading stage). While Vivit may have difficulty proving her discrimination claim, her allegations suffice to allow her to proceed to discovery on them. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination. Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment." (citations omitted)); *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) ("It is enough for a plaintiff to assert that she was treated worse because of protected characteristics. . . . Whether she can prove this is a subject for a later stage of the litigation.").

Date:  April 17, 2026                                  /s/  Sara L. Ellis_____

3